IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER JAMES | : | 1:19-cv-1440 |
|     Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| WARDEN CLAIR DOLL, | : | |
|     Respondent. | : | |

# **MEMORANDUM**

## **February 19, 2020**

Petitioner Peter James ("James"), a detainee of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), files the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging his pre-final removal order detention.

The petition is ripe for disposition. For the reasons set forth below, the petition will be denied without prejudice.

## **I.    BACKGROUND**

On May 27, 2006, James, a native and citizen of Jamaica, was admitted to the United States at Philadelphia, Pennsylvania, as a Legal Permanent Resident. (Doc. 8-1, p. 6). On February 10, 2010, Upper Merion Township Police, Montgomery County, Pennsylvania, arrested James for Bad Checks, Forgery, Tampering/Fabricating Evidence, and Theft by Deception. (*Id.* at 4). Following a

plea of guilty to Forgery, James received a sentence of three years probation. (*Id.* at 4, 6).

On July 19, 2010, the Philadelphia Police Department arrested James on charges of Robbery, Conspiracy to Commit Robbery – Inflict Serious Bodily Injury, Theft by Unlawful Taking, Receiving Stolen Property, Possession of Instrument of Crime with Intent, Simple Assault, and Recklessly Endangering Another Person.  (*Id.* at 4).  According to the electronic docket found on the Unified Judicial System of Pennsylvania Web Portal, the matter was assigned Court of Common Pleas of Philadelphia Criminal Number CP-51-CR-0013346-2010. https://ujsportal.pacourts.us/DocketSheets.

On April 7, 2011, ICE issued James a Notice to Appear charging him as removable from the United States pursuant to Section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as amended ("INA") in that within five years of admission he had been convicted of a crime involving moral turpitude for which a sentence of one year or longer may be imposed.  (*Id.* at 6). On June 27, 2011, an immigration judge ("IJ") released James from ICE custody on $5,000 bond.  On October 6, 2011, the IJ ordered the removal proceedings administratively closed pending the disposition of the July 19, 2010 charges.

The electronic docket reveals that trial commenced in Philadelphia County on those charges on May 7, 2013.  *See* CP-51-CR-0013346-2010 electronic docket.

On May 13, 2013, the jury found James guilty of four counts of robbery and four counts of conspiracy to commit robbery. *Id.* On June 28, 2013, the trial court imposed concurrent sentences of seven to fifteen years on each of the four counts of robbery. *Id.* The court imposed no further penalty on the conspiracy counts. *Id.*

On May 28, 2019, upon completion of service of the above sentences, James returned to ICE custody and ICE moved to re-calendar the removal proceedings. (Doc. 8-1, pp.10-12). The IJ granted the motion on June 3, 2019. (*Id.* at 13). On June 18, 2019, ICE lodged additional charges of removability based on James's robbery and conspiracy convictions. (*Id.* at 15). Specifically, ICE charged him as removable pursuant to Section 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony for which the term of imprisonment ordered was at least one year, and as an alien convicted of a theft offense or burglary offense for which the term of imprisonment ordered was at least one year. (*Id.*). The IJ adjourned the June 18, 2019 proceedings to allow both sides to gather evidence related to the new charges. According to Respondent, on July 22, 2019, the IJ again continued the matter because James requested more time to obtain counsel. (Doc. 8, p. 3). On August 20, 2019, the IJ sustained the additional charges of removability; James indicated a desire to request deferral of removal under the Convention Against Torture. (*Id.*) On September 11, 2019, James filed his I-589 application requesting

deferral of removal. (*Id.*). The IJ scheduled a merits hearing for December 10, 2019. (*Id.*). According to the Executive Office for Immigration Review Immigration Court Information System, the IJ ordered James removed on December 10, 2019. https://portal.eoir.justice.gov/InfoSystem/CourtInfo. James's appeal to the Board of Immigration Appeals ("BIA"), is currently pending.

James filed the instant petition on August 19, 2019. (Doc. 1). At present, he has been detained for less than nine months.

## II. **DISCUSSION**

James is detained pursuant to 8 U.S.C. § 1226 which requires the Attorney General to detain any noncitizen who is inadmissible or deportable on criminal grounds. 8 U.S.C. § 1226. The custody provision relevant here provides that "[t]he Attorney General shall take into custody any alien who-- (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title[.]" 8 U.S.C. § 1226(c)(1)(B). The provision governing release states: "The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and

the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled hearing." 8 U.S.C. § 1226(c)(2).

In the United States Supreme Court case of *Jennings v. Rodriguez*, — U.S. ––, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court reversed the United States Court of Appeals for the Ninth Circuit's holding that non-citizens detained under §§ 1225(b)(1), (b)(2), and 1226(c) are entitled to bond hearings every six months. *Jennings*, 138 S.Ct. at 842. *Jennings* held that the language of section 1226(c) authorizes unlimited detention pending removal proceedings of an alien who is deportable on the basis of criminal involvement, and that no implicit restraint on the length of detention can be read into the statute. *Jennings*, 138 S.Ct. at 847. Specifically, "§ 1226(c) is not 'silent' as to the length of detention. It mandates detention 'pending a decision on whether the alien is to be removed from the United States' ... and it expressly prohibits release from that detention except for narrow, witness-protection purposes.... Indeed, we have held as much in connection with § 1226(c) itself. In *Demore v. Kim*, 538 U.S., at 529, 123 S.Ct. 1708, we distinguished § 1226(c) from the statutory provision in *Zadvydas* by pointing out that detention under § 1226(c) has 'a definite termination point': the conclusion of removal proceedings. As we made clear there, that 'definite termination point'—and not some arbitrary time limit devised by courts—marks

the end of the Government's detention authority under § 1226(c)." *Jennings*, 138 S.Ct. at 846. Consequently, he is not entitled to a bond hearing pending the completion of removal proceedings.

However, "*Jennings* did not call into question [the] constitutional holding in *Diop* [*v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018). It remains the case that the "constitutionality of [§ 1226(c) detention] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [must be] highly fact specific." *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 474–75 (3d Cir. 2015); *see also Diop*, 656 F.3d at 232, 234. "[D]ue process requires us to recognize that, at a certain point— which may differ case by case—the burden to an alien's liberty outweighs a mere presumption that the alien will flee and/or is dangerous. At this tipping point, the Government can no longer defend the detention against claims that it is arbitrary or capricious by presuming flight and dangerousness: more is needed to justify the detention as necessary to achieve the goals of the statute. As we said in *Diop*, section 1226(c) 'implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether

detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.' *Id.* at 231." *Chavez-Alvarez*, 783 F.3d at 474-75. The prolonged mandatory detention of an alien will therefore amount to an unconstitutional application of § 1226(c) only where the alien's prolonged detention has become "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018); *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474.

Based on this constitutional framework, following *Jennings*, district courts in this circuit have largely found that detention for just over a year pursuant to § 1226(c) is insufficient to amount to an arbitrary deprivation of liberty and will thus not suffice to prove that the statute has been unconstitutionally applied. *Dryden*, 321 F. Supp. 3d at 502–03 (detention for just over a year not unconstitutional); *Fernandez v. Lowe*, No. 3:17-CV-2301, 2018 WL 3584697, at *4 (M.D. Pa. July 26, 2018) (detention for fifteen months not unconstitutional given regular progression of proceedings); *Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *5 (D.N.J. July 20, 2018) (detention for just over thirteen months not unconstitutional). Significantly longer periods of detention, however, in the absence of bad faith, have been found to be so prolonged as to be an arbitrary, and

7

thus unconstitutional, application of § 1226(c) absent a bond hearing. *See, e.g., Chikerema v. Lowe,* No. 1:18-cv-1031, 2019 WL 3891086, (M.D.Pa. Aug. 19, 2019 (concluding detention for more than twenty months warranted an individualized bond hearing absent bad faith*, inter alia*): *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at * 4 (D.N.J. Aug. 7, 2018) (determining detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal); *Vega v. Doll*, No. CV 3:17-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (finding detention for twenty-one months has become so prolonged that it has become arbitrary and unreasonable in this particular case such that petitioner is entitled to an individualized bond hearing); *Destine v. Doll*, No. 3:17-CV-1340, 2018 WL 3584695, at *5 (M.D. Pa. July 26, 2018) (same).

The Court has undertaken the fact sensitive inquiry delineated in *Diop* and *Chavez-Alvarez*. James has been subject to mandatory detention for less than nine months. Throughout this time, his case has proceeded through the removal process at a reasonable pace and there is no indication in the record that the government has improperly or unreasonably delayed the proceedings. Considering that the matter is proceeding with regularity through the immigration courts, this Court finds that his detention pursuant to § 1226(c) has not yet become so prolonged that it amounts to an arbitrary application of the statute. *See Dryden*, 321 F. Supp. 3d at 502–03. James's

detention thus remains constitutionally permissible and his habeas petition will be denied without prejudice.

## III. **CONCLUSION**

For the above stated reasons, the petition pursuant to 28 U.S.C. § 2241 petition will be denied without prejudice to James filing another petition if his detention becomes arbitrary or unreasonable.

An appropriate Order will enter.